In the Matter of the Claim of MILDRED RODER, Widow of EDWARD J. RODER, Deceased, Respondent, against NORTHERN MAYTAG Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Argued January 7, 1948; decided March 11, 1948.

*Charles W. Green* and *Ellsworth Van Graafeiland* for Northern Maytag Co. and another, appellants. No award may be made against the employer and carrier. (*Matter of Riddle* v. *General Ice Cream Corp.*, 262 App. Div. 353; *Matter of Watkins* v. *Cornwall Press*, 270 App. Div. 615; *Matter of Larac* v. *Munson S. S. Lines*, 264 App. Div. 923; *Matter of Becker* v. *Marcy State Hospital*, 264 App. Div. 643; *Matter of Kiriloff* v. *A. G. W. Wet Wash Laundry*, 293 N. Y. 222.)

*John M. Cullen* for Special Fund for Reopened Cases, appellant. There is no inconsistency between the two sentences of section 123, nor with the provisions of section 25-a, of the Workmen's Compensation Law, which provisions limit the jurisdiction of the compensation board. (*People* v. *Ryan*, 274 N. Y. 149; *Matter of Post* v. *Burger & Gohlke*, 216 N. Y. 544; *Matter of Norcisco* v. *American Book Bindery*, 268 App. Div. 837; *Matter of Sager* v. *General Electric Co.*, 269 App. Div. 801.)

*Leonard D. Marafioti* and *Henry Redman Dutcher* for respondent. I. This case was restored to the calendar on an application, dated August 17, 1942, and is not therefore a case under section 25-a. (*Matter of Whitmyre* v. *International Business Machines Corp.*, 274 N. Y. 61.) II. In any event, the Workmen's Compensation Board has jurisdiction to hear this case against the Special Fund for Reopened Cases. The exception

mentioned in the first sentence of section 123 of the Workmen's Compensation Law, applies to employers and carriers only. (*Matter of Tipton* v. *Lang's Bakery, Inc.*, 250 App. Div. 696; *Matter of Watkins* v. *Cornwall Press,* 270 App. Div. 615.) III. The Workmen's Compensation Board has jurisdiction to hear this case by virtue of section 25-a. (*Matter of Watkins* v. *Cornwall Press,* 270 App. Div. 615.)

CONWAY, J. On August 24, 1935, the deceased slipped or fell from a ladder and " strained himself ". He continued working until August 29th, remained at home under a physician's care until September 3d and then returned to work. He continued at work until September 12, 1935, when he sustained injury while lifting a refrigerator. On that same evening he suffered from pain in his head, collapsed and died from " a ruptured cerebral aneurysm of the first middle cerebral artery ".

His widow filed a claim for death benefits on September 23, 1935, but, after a trial upon the merits, her claim was disallowed on October 13, 1936, upon the ground that she had failed to establish causal relation between the death and the accidents.

On August 17, 1942, the widow made application to reopen the case and to have it placed on a referee's calendar for the purpose of introducing expert or opinion medical proof on the question of the existence of causal relation between the injuries and death of her husband.

There is a finding by the board that the application to reopen was " made and filed *after* a lapse of seven years from the dates of the aforesaid accidents or death ". (Emphasis supplied.) That finding is clearly erroneous as a matter of law since it is mathematically incorrect. Manifestly, the application was made within the seven-year period. Nevertheless, on November 16, 1942, it was denied. One week later on November 23, 1942 (a date which was more than seven years subsequent to the accidents and death) an application in the nature of a motion for reconsideration or reargument was made. In that application the attention of the board was called to the fact that, in connection with the denial of November 16th, the board member wrote that " The mere fact that *cumulative* evidence has been found which might bear affirmatively upon a question of fact, *already sufficiently provided* is not sufficient in my opinion to grant a

reopening of the record in order that such evidence might be submitted." (Emphasis supplied.) It was pointed out by the claimant that the " error of this statement is contained in the phrase, ' already sufficiently provided.' At no time heretofore has any evidence been submitted by a brain specialist, and because only the evidence of causal relation was considered by the Board as its reason for refusing to make an award, it is the most important evidence that could be obtained." Thereupon the board restored the case to the calendar under date of March 25, 1943, in a memorandum which read in part:

" *Having again considered the application of claimant's attorney, and his accompanying C-27 from Dr. Ward Williams,* the Board is of the opinion that this matter should be restored to the calendar to afford the claimant's attorney an opportunity to present his evidence on the question of causal relationship.

" *Previous denial of the Board is hereby rescinded* and the case is restored to a calendar in accordance with the above directions." (Emphasis supplied.)

The application and the C-27 medical report accompanying it, mentioned in the quotation, obviously referred to the application papers of August 17, 1942. We think, therefore, in view of the ground of the application for reconsideration of November 23, 1942, that the case was restored to a calendar so that the matters contained in the application of August 17th might have proper consideration. It was the denial of November 16th which was promptly " rescinded " on the application of November 23d. It is urged by the appellants that if the board be permitted to employ a " theory of recission " so that it may reopen a claim " at any time by merely rescinding a former decision " there will be no effective limitation on the jurisdiction of the board despite the limitation thereon contained in the statute of its creation. We think in this instance there was merely a rescinding of a ruling, made a week prior to the application for reconsideration, due to the fact that such application had called attention to an incorrect assumption of fact. We pass upon no other question.

In view of the foregoing it is clear that, since the application for reopening was made on August 17, 1942, which was within seven years of the date of accident or death, section 25-a of the Workmen's Compensation Law is inapplicable.

The order should be affirmed, with costs. The first question certified should be answered in the affirmative and the second question certified not answered.

LOUGHRAN, Ch. J., LEWIS, DESMOND, THACHER, DYE and FULD, JJ., concur.

Order affirmed, etc.