Bergan, J.
Claimant alleges he was injured in the course of his employment on October 22,1934. He filed a claim for workmen’s compensation December 4, 1934. Hearings were thereafter conducted; on June 6,1935, the claim was disallowed by the Referee, the case was closed, and this became the decision of the former State Industrial Board, dated June 8, 1935. No appeal was taken from this decision.
On January 27, 1948, over thirteen years after the accident and over twelve years after the claim was disallowed, claimant filed an application with the Workmen’s Compensation Board to reopen his claim. The Fund for Reopened Cases contended the Workmen’s Compensation Board then had no jurisdiction.
The board decided it had jurisdiction to entertain the application to reopen; discharged the carrier and employer from liability ; and directed that any award of compensation that might now be made in the proceeding be charged against the Fund for Reopened Cases.
The Special Fund for Reopened Cases was created by the Legislature in 1933 (ch. 774). Its purpose was to assume the payment of a class of claims, application for which was made after the lapse of seven years from the date of accident or death. The circumstances under which this assumption of responsibility by the fund was to occur may be summarized by saying that a claim must have been previously disallowed or disposed of otherwise without an award; or an award must have been previously made and three years also have elapsed from the last payment of compensation. (Workmen’s Compensation Law, § 25-a, subd. 1.)
In 1940, the Legislature amended this section and other sections of the Workmen’s Compensation Law (ch. 686). The Special Fund for Reopened Cases is of opinion that the effect of the amendments of 1940 is to relieve it from responsibility where there has been a previous disallowance of an award of compensation after a hearing even though seven years have elapsed between the injury and the application to reopen, i.e., that it is not required to pay an award under the facts of this case. It appeals from the decision of the board which would have imposed liability for any award made.
The influence of the amendments of 1940 upon the statutory structure housing the risks of the special fund is at once so subtle and so important to an understanding of the issue in this case that it would be helpful to read the texts side by side.
Subdivision 1 of section 25-a in respects material here, as it read before 1940 and as it still reads, is as follows: “ 1. Notwithstanding other provisions of this chapter, when an applica *52 tion for compensation is made by an employee or for death benefits in behalf of the dependents of a deceased employee, and the employer has secured the payment of compensation in accordance with section fifty of this chapter, (1) after a lapse of seven years from the date of the injury or death and claim for compensation previously has been disallowed or claim has been otherwise disposed of without an award of compensation, or (2) after a lapse of seven years from the date of the injury or death and also a lapse of three years from the date of the last payment of compensation * * * testimony may be taken, either directly or through a referee and if an award is made it shall be against the special fund provided by this section.”
In amending this subdivision in 1940, the Legislature re-enacted the quoted language in its entirety (Session Laws, 1940, p. 1875). The new language in the amendment to the subdivision was: “ subject to the provisions of section one hundred and twenty-three of this chapter ”.
Section 123 before 1940 (L. 1922, ch. 615) dealt only with the continuing power “ over each case ” of “ the department ” (now “ the board ”) without any time limit on its power of modification or change. The act of 1940 amended the section in the respects material here by providing as follows: “ # * * where the employer has secured the payment of compensation in accordance with the provisions of section fifty of this chapter, no claim for compensation or for death benefits that has been disallowed after a trial on the merits, or that has been otherwise disposed of without an award after the parties in interest have been given due notice of hearing or hearings and opportunity to be heard and for which no determination was made on the merits, shall be reopened after a lapse of seven years from the date of the accident or death. Nor shall any award of compensation or death benefits be made against the special fund provided in section twenty-five-a of this chapter or against an employer or an insurance carrier where application therefor is made after a lapse of eighteen years from the date of the injury or death and also a lapse of eight years from the date of the last payment of compensation.”
The second sentence of the amendment, dealing with reopened claims in which compensation had previously been paid, was enacted in identical language as a new subdivision 6 to section 25-a, also by the act of 1940.
If the procedure for determining claims provided by section 20 is kept in mind, it will become apparent that the provisions of *53 section 25-a fixing the liability of the Special Fund for cases reopened after seven years where no award has previously been made, and the provisions of the first sentence in the amendment to section 123 prohibiting the reopening of cases after seven years, are identical in subject matter.
They speak in different words but occupy the same area. And if that is true, the harmony which a court is required to find in statutes cannot be found by exempting the fund from a portion of or all its former responsibility for reopened cases, but consistency must be found in some other legislative purpose; or, alternatively, if no other possibility exists, one must be found to cancel out the other. The language of these two sections cannot readily be mortised together.
This is especially clear 'in treating that part of the language of each provision dealing with the previous disallowance of a claim, which is the situation under consideration on this appeal. One provision (§ 25-a) describes a claim which “ previously has been disallowed ” and requires the fund to assume it after seven years. The other (§ 123) describes a claim which ‘1 has been disallowed after a trial on the merits ’ ’ which it provides shall not be reopened after seven years.
The only thing either of these two provisions can mean is that there has been a previous consideration of the merits of the claim by the board. The merits of a claim under the scheme- of the Workmen’s Compensation Law are “ determined ” by the Workmen’s Compensation Board. There is no “ trial on the merits ” in the sense that this term is applicable to an action at law, and the phrase is inept in the context upon which it is imposed.
A special kind of evaluation of the merits of a claim exists under this statute, the basic procedure for which is established by section 20. The board is empowered ‘ ‘ to determine all questions This may be done on such “ investigation ” as it “ deems necessary ”. If either party desires, it may “ order a hearing ”. Either party may “ present evidence ”. After the “ claim * * * is submitted ” ora hearing, if there is one, is “ closed ”, the board shall “ make ” an award or “ deny ” an award. (§20.)
Whether there is a “ hearing ” or a “ submission ” under the alternative procedures allowed, there must be a determination; and since the obligation to determine all questions rests on the board, this can mean nothing less than a decision on the merits, having one or the other of the two results provided by the statute, i.e., to “ make ” the award or “ deny ” it.
*54 The determination of the board resting on its investigation where no request is made by either party for a “ hearing ” is roughly the counterpart of the motion in a legal action for judgment on the pleadings. No party then contests any fact, and the determination by the board is made on the papers or records before it, or on its own investigation. No one could argue that this is not a determination on the merits.
It is not possible under this statutory procedure to ‘ ‘ deny ’ ’ a claim, in the language of section 20, or to “ disallow ” it, in the language of sections 25-a and 123 without an examination of it on the merits, which, in one form or another, is the equivalent, as far as any equivalent is conceivable, of the usual legal concept of ‘ ‘ trial on the merits ’ ’.
A “ hearing ” is at most a mere procedural adjunct to the investigation of the board under section 20. It certainly has not the function of central and controlling importance that a trial of the issues has in an action at law.
In gaining insight into legislative intention and purpose, the language used by its draftsmen contemporaneously and in context is a good guide. Sometimes in loose construction it is the only reliable one. Hence when the Legislature in writing the new language in section 123 first provided for a situation in which there was “ a trial on the merits ” and then for a contradistinctive situation in which there was a default, it negatived a “determination * * * made on the merits’’.
It is rather clear, therefore, that in writing this language it regarded “ determination * * * on the merits ”, which is quite consonant with the scheme and structure of the Workmen’s Compensation Law, and ‘ ‘ trial on the merits ’ ’ as synonymous.
The only remaining possibility of a difference between “ disallowed ” and “ disallowed after a trial on the merits ”, and the one that would occur to the common-law lawyer, would be that “ disallowed ” standing alone could also mean a dismissal by default or a closing of the record by default without consideration of merit. This could not possibly have been the legislative intent, because in section 25-a, as well as in section 123, there is distinct provision plainly intended to deal separately with defaults in the language following “ otherwise disposed of ”.
Since it has not otherwise been demonstrated by the appellant how a claim can be “ disallowed ” (that is “ denied ” in the procedural language of section 20) without a consideration of the merits in a form of inquiry required by section 20 in which a “ hearing ” may be only a part, and since'the language of the Legislature directed to existing machinery it had established *55 must be deemed fashioned to the situation it touches, a trial on the merits can only mean a consideration by the board on the merits. Therefore, the language of section 25-a and of section 123 in this respect occupy the same ground.
They are in the same area, too, in relation to claims “ otherwise disposed of without an award ”, words which appear in both sections. This must mean only a dismissal by default, since, as it has been seen, “ disallowed ” covers fully and exclusively the claim determined on the merits. The added words in section 123 point to no distinction separating the purpose of this language from that of section 25-a. These words are: “ after the parties in interest have been given due notice of hearing or hearings and opportunity to be heard and for which no determination was made on the merits ”.
No claim could be “ otherwise disposed of without an award ” without a notice of hearing and an opportunity to be heard. Nor could it be so disposed of if there was a determination on the merits. For one thing, if there was a determination on the merits it would not be otherwise disposed of, and for another, there can be no “ disposition ” under the statute and the rules without due notice and opportunity to be heard.
From all of this, the argument of the Special Fund would, in effect, mean that the statute of 1940 repealed all its obligation to pay awards for reopened cases after seven years where there has been a previous disallowance or where the claim has been otherwise disposed of without an award under subdivision 1 of section 25-a. No area of remaining obligation to the fund surviving the 1940 amendment is either conceded or demonstrated, and if its argument succeeds it will, indeed, have terminated any such obligation.
The difficulty with this is that the Legislature, instead of repealing these provisions of subdivision 1 of section 25-a, re-enacted them entirely without change in the statute of 1940. It would take a hard argument to demonstrate that the Legislature meant to repeal what it re-enacted. And it cannot be considered that the provisions of this subdivision escaped legislative attention because the very sentence was amended by adding the words “ subject to the provisions of section one hundred and twenty-three of this chapter,”'
Moreover, the kinds of liability involved in this dispute are a very important part of the obligation of the Special Fund for Reopened Cases and one of the main purposes for which the fund was created in 1933. If sequence is to be regarded, they were more important to the fund’s purpose and function than reopened eases where compensation had been paid.
*56 It is reasonable to suppose that if the legislative purpose was to end this obligation it would have said so when it was amending the sentence which establishes the obligation. It would not have rested an important change in industrial policy merely on a highly debatable inference.
It can be argued, indeed, that the legislative purpose generally in the enactment of chapter 686 of the Laws of 1940, was to create time limits affecting the power of the board to change and modify awards and decisions, as the enactment of the second sentence of section 123, placing an over-all limit applicable to the fund, to employers and to carriers alike, demonstrates. And it is reasonable to suppose that the language of the amendment to the first sentence of subdivision 1 of section 25-a, making its provisions “ subject to ” section 123, was made with this in mind.
Since theretofore there had been no time limit of any kind on the power of the board to deal with its awards or decisions under section 123, and since subdivision 1 of section 25-a had imposed an obligation on the Special Fund after seven years without relieving the employer or carrier expressly, the seven-year limitation as to them resting on implication, it is not unreasonable to suppose also, since the Legislature was for the first time providing limitations, that the seven-year amendment to section 123 was intended as an express time limit on the general power of the board to reopen claims as to employers and carriers.
No doubt the language of chapter 686 of the Laws of 1940, can be sifted through to demonstrate some weaknesses in these suppositions. But such a demonstration would not also show a legislative intent to repeal an important provision by nebulous inference in a statute which, at the same time, re-enacts the same important provision.
It can be argued, too, that because the last sentence of section 123 seems to deal with an outside limitation on reopening cases only where compensation has previously been paid, the first sentence imposes an over-all limitation on reopening of cases where compensation has not been previously allowed. The first sentence does not, as it has been noted, refer to fund, or to carrier or employer.
But if the second sentence is viewed in this light it will imply an extension, rather than a limitation, on employers’ and carriers’ responsibility for awards on reopened cases where compensation has previously been paid. Whereas subdivision 1 of section 25-a by implication relieves employers and carriers of these risks after seven years by placing responsibility on the *57 fund, the second sentence in section 123 places employer, carrier and fund on the same footing on the over-all time limit and would apparently leave the matter to the discretion of the board as to which should pay the award after seven years.
This, of course, would complete the destruction of the basic ground on which the fund is charged with liability and, indeed, the reason for the existence of the fund.
The fund argues that the first sentence terminates the liability of fund, employer and carrier, although it mentions none of them. It seems to concede its own exclusive liability after seven years for reopened cases in which compensation has been paid, although the second sentence expressly names the fund, employer and carrier in a longer period of limitation.
From all of this there has been no clear demonstration of a legislative intent to relieve the fund from responsibility where there has been a previous disallowance of an award.
The amendment of 1940, has been a subject of judicial examination before this, but there has been no final determination of its effect. (Matter of Roder v. Northern Maytag Co., 271 App. Div. 452, reargument granted, 271 App. Div. 939, reconsidered, 272 App. Div. 838, question certified to the Court of Appeals, 272 App. Div. 965, reconsidered order affd., 297 N. Y. 196.) The ultimate decision in that case was that seven years from the date of death had not elapsed as a matter of law before the application to reopen was made and therefore the question of the liability of the Special Fund did not arise.
The decision appealed from should be affirmed, with costs to the Workmen’s Compensation Board.