Fuld, J. (dissenting).
In my view, the decision now being made contravenes an explicit legislative proscription.
Section 123 of the Workmen’s Compensation Law, designed to bar stale claims, declares that the power and jurisdiction of the Workmen’s Compensation Board shall be “continuing” and that it may, from time to time, make such modification or *368 change with respect to former findings or decisions as in its opinion may be just, “ except that,” the section continues in language unequivocally plain,
‘ ‘ no claim for compensation * * * that has been disallowed after a trial on the merits * * * shall be reopened after a lapse of seven years from the date of the accident.”
In the case before us, the claim was filed in March of 1944 and the referee’s determination, adverse to the claimant, was made in July of the same year and the case marked “ closed.” Several months later, in November, 1944, the claimant filed an application with the board requesting review of the referee’s decision and reopening of the case. Following this application, the board by a decision, dated December 15, 1944, aErmed the finding earlier made and the closing of the case. Nothing happened for 10 years. Then, first informally in August, 1954 and then formally in 1955, the claimant requested a reopening of the case on the ground that a mistake had been made and that the board’s original determination had been wrong. The board granted the application and, after new hearings, reversed the decision it had rendered 10 years before and made an award in the claimant’s favor.
Whether or not the 1944 determination was erroneous is beside the point, for the statute in the clearest of terms provides that ‘1 no claim ’ ’ disallowed after a trial on the merits — as the present claim was — ‘ ‘ shall be reopened after a lapse of seven years ”. We are told, however, that Matter of Roder v. Northern Maytag Co. (297 N. Y. 196) is authority for the present holding. The resemblance between that case and this, and I say this with all deference to the views of the majority, is at most superficial and may not reasonably be read to justify what is now being done.
In Matter of Roder, the seven-year period specified in section 123 expired in September of 1942. In August of that year, and within that period, the claimant made an application to reopen the case. The board denied the application on November 16, 1942 — which was after the expiration of the seven-year period — and just one week later, on November 23, “ an application in the nature of a motion for reconsideration or reargu *369 ment was made ” (297 N. Y., at p. 199). The hoard, noting that it was reconsidering the application, made within the permissible seven-year period, to reopen the case, “ promptly ‘ rescinded ’ ” its denial of the previous week. Mere statement of this chronology, it seems to me, points up the lack of similarity between the two cases. In the present one, both the board’s original determination and the claimant’s application to reopen were made more than 10 years before the case was actually reopened. In Roder, in sharp contrast, and this is what the court emphasized in reversing the board’s action in that case, a motion for reconsideration or reargument of the timely-made application to reopen had been made but a week after the board had denied the application (297 N. Y., at p. 200):
“It was the denial of November 16th which was promptly 1 rescinded ’ on the application of November 23d. * * * We think in this instance there was merely a rescinding of a ruling, made a week prior to the application for reconsideration, due to the fact that such application had called attention to an incorrect assumption of fact. We pass upon no other question.” (Emphasis supplied.)
As is almost self-evident, the reopening of the case after the lapse of seven years was upheld in Matter of Roder solely because of the prompt rescission of the board’s denial of the application, where such request was sought before the passage of seven years and denied thereafter; the claim had not become “ stale,” for “ in this instance,” to cull from the opinion, there was ‘1 merely a rescinding of a ruling, made a week prior to the application for reconsideration ” (297 N. Y., at p. 200).
The decision in the Roder case may have written an exception of sorts into section 123, but it certainly furnishes no warrant for construing the statute out of existence. And that is precisely what the present decision does, for it grants to the Workmen’s Compensation Board, contrary to the explicit language of the section, the power to reopen a case and reverse itself no matter how many years may have intervened between accident and application for reopening of the case and even between denial of such a motion and a new application, provided only that the initial request to reopen—denied, perhaps, *370 as many as 15 years before—was made within seven years of the date of the accident. Actually, what this means is that a claimant may completely nullify the limitations provision of the statute by the simple device of filing an application to reopen immediately after the board has decided the case and rendered its determination. This could not possibly have been the design or purpose of the Legislature in enacting section 123.
The unanimous order of the Appellate Division should be affirmed.
Chief Judge Conway and Judges Dye and Burke concur with Judge Desmond; Judge Fuld dissents in an opinion in which Judges Froessel and Van Voorhis concur.
Order reversed, etc.