In the Matter of the Claim of WALTER NOONAN, Respondent, v. HALLEN Co., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board for total permanent disability found to have resulted from accidental injuries sustained on April 24 and 25, 1950; the sole contention urged upon appeal being that the board was without power to reopen the case more than seven years after the accidents (Workmen's Compensation Law, § 123). By board decision of October 21, 1955 the case was "Closed until such time as claimant furnishes requested medical evidence of causally related disability and of causally related condition." On April 15, 1957 and within the seven-year period, claimant applied for reopening to enable him to submit hospital records and medical proof of causally related disability. (This proof, when eventually received, was on the basis of the

physician's examinations and studies on May 16, 1956 and April 19, 1957.) The application was expressly treated as held in abeyance until April 27, 1957 — a date beyond the expiration of the seven-year period — and on July 8, 1957 the case was "referred to the Closed Files". On August 1, 1957, claimant submitted his doctor's report and on August 23, 1957 the board restored the case to the Referee Calendar. Testimony was taken and the award followed. Upon this record, the board's action was warranted and is supported by ample and apposite authority. (*Matter of Stimburis* v. *Leviton Mfg. Co.,* 5 N Y 2d 360; *Matter of Roder* v. *Northern Maytag Co.,* 297 N. Y. 196; *Matter of Schun* v. *U. S. O. Camp Shows,* 11 A D 2d 829, motion for leave to appeal denied 8 N Y 2d 709.) Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board.