■ In the Matter of the Claim of MARY PRUE, Respondent, v. EMPIRE SCRAP METALS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board awarding claimant death benefits on the ground that there is no substantial evidence to support the board's finding of accidental injury and compensable death. Initially appellants do not urge that the decedent's work activities, particularly in shoveling snow from a four to five foot pile of tires, followed by a fall to the ground, would not meet the test of *Matter of Masse* v. *Robinson Co.* (301 N. Y. 34) and the cases which have followed it if such work were performed as claimant asserts and the board found, but rather contend that the record does not support the board's finding that such activities in fact occurred. The occurrence of an accident is factual and thus for the board's determination if its decision is supported by substantial evidence (e.g., *Matter of Nicotera* v. *Dorn's Transp.*, 30 A D 2d 735). Here the testimony of an eyewitness and members of decedent's family provided a more than adequate basis for the board's determination (e.g., *Matter of Janitz* v. *Evelyn Realty Co.*, 11 A D 2d 822). The issue of credibility of these witnesses was within the sole province of the board and cannot be disturbed here (e.g., *Matter of Hemphill* v. *Presbyterian Hosp.*, 27 A D 2d 600). Similarly the issue of causal relationship presents no more than the usual conflict of medical testimony and we cannot say that the board could not properly accept the medical testimony as to causal relationship (e.g., *Matter of Ernest* v. *Boggs Lake Estates*, 12 N Y 2d 414) and in the exercise of its fact-finding power resolve the controversy as it did (e.g., *Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529). Finally we find no merit in appellants' argument that decedent's underlying heart condition should not have been considered. While the strenuous nature of the work is to be based upon normal efforts and not considered solely in regard to the condition of the particular worker (e.g., *Matter of Rollo* v. *Geneva Forge*, 22 A D 2d 726) this does not preclude a finding of accident where admittedly arduous work precipitates or hastens the demise of one having an underlying heart condition (e.g., *Matter of Rothstein* v. *Fuller Brush Co.*, 30 A D 2d 748). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Greenblott, JJ., concur in memorandum by Reynolds, J.