■ In the Matter of the Claim of DONALD PODLISH, Respondent, v McGRAW EDISON, Co., FOOD EQUIPMENT DIVISION, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, as amended, filed November 8, 1974. The sole issue on this appeal is whether there is present in the record substantial evidence to support the finding that claimant's present disability is causally related to an industrial accident of June 15, 1970. His original injuries were to the low back and awards were made and the case was closed. His present disability is founded upon a conversion hysteria and, while there is no disagreement but that the claimant is presently totally disabled, there is conflicting medical evidence whether that disability is related to accidental injury. In our view there is present in this record substantial evidence to support an award for a conversion hysteria causally related to an accident. The medical history subsequent to the lumbar myelogram on September 14, 1970 establishes that claimant suffered a severe reaction to that test followed by a prolonged hospitalization. On March 22, 1972, the attending neurosurgeon found claimant totally disabled and causally related that disability to the accident of June 15, 1970. He reiterated that conclusion in a report dated October 23, 1973. A neuropsychiatrist testifying on behalf of claimant stated that in his opinion the prolonged treatment of the claimant beyond its normal range solidified the conversion hysteria which resulted from the original trauma. Essentially what is presented for review is a conflict in the medical evidence which, while somewhat complicated by the conversion feature of claimant's disability, falls within the fact-finding powers of the board in determining an issue of medical causality *(Matter of Trgo v Harris Structural Steel Corp.,* 13 AD2d 856). Decision affirmed, with costs to the Workmen's Compensation Board. Greenblott, J. P., Kane, and Koreman, JJ., concur; Larkin and Reynolds, JJ., dissent and vote to reverse in the following memorandum by Larkin, J. Larkin, J. (dissenting). We respectfully dissent. Ordinarily the issue of causal relationship presents no more than the usual conflict of medical testimony and, in such instances, if the board's decision is supported by substantial medical evidence, it should not be disturbed (Workmen's Compensation Law, § 20; *Matter of Prue v Empire Scrap Metals,* 32 AD2d 680). In the instant case, the board's doctor found the "claimant totally disabled and it appears that the effects are on a functional basis". A neurologist testified claimant had a functional deficit and that he could not state whether or not it was causally related. A neuropsychiatrist testified

and diagnosed the claimant's condition as conversion hysteria and stated that claimant's underlying personality was responsible for his disability after a period of one year following the accident. The psychiatrist was not absolute in his diagnosis of conversion hysteria because of a possibility of malingering, but if the malingering factor were eliminated, his testimony was that the conversion hysteria would probably not be related to the accidents in question. The only medical testimony causally relating the conversion hysteria to the industrial accidents was given in a written report by the claimant's attending physician who, after qualifying his opinion in several ways, stated that "from a purely empirical standpoint, it is my opinion * * * that a causal relationship exists". Subsequent to the above report, claimant's physician testified at the hearing, in pertinent part, as follows: Q. And was—what is your opinion as to whether there is causal relationship between his accident of June 15, 1970 and his present disability? A. I don't know * * * Q. Is part of his disability related to a functional disability? A. I would say yes. Q. And is that functional disability related to the accident of an—to what degree? A. I don't know, I think this lies in the profession of Dr. Berkow. Q. Dr. Berkow said he didn't want to express an opinion—In whose field would this be? A. I don't think I can make a diagnosis, a psychiatric diagnosis and give opinion on causal relationship. Q. There has been a lot said in reports about conversion reaction. Is it your opinion that he does have a conversion reaction? A. Yes, he does. If you want any expert testimony regarding the causal relationship of a conversion hysteria, you need a qualified psychiatrist. Q. Well, does every doctor from time to time make a diagnosis of conversion hysteria even though he is not a psychiatrist? A. Yes. Q. And expressed causal relationship? A. I said if you would want me to make that statement, I will be glad to. Q. What is your opinion? A. My opinion is that it is causally related. The physician's forthrightness in regard to his medical ability to give such an opinion is very commendable, but such testimony hardly rises to the quality of substantial evidence. With psychiatrists testifying that there was no causal relationship, and the attending physician's testimony that causal relationship for a conversion hysteria is in the field of a qualified psychiatrist, the attending physician's opinion of a causal relationship is not substantial evidence upon which the board could formulate a factual determination. The probative force of an opinion is not to be defeated by semantics if it is reasonably apparent that the doctor intended to signify a probability supported by some rational basis. The very diluted opinion of the attending physician was not fortified by a detailed explanation of other facts which would add to its reasonableness and probable correctness and thus it lacks any probative force (*Matter of Zaepfel v duPont de Nemours & Co.,* 284 App Div 693). The determination should be reversed and the matter remitted to the board for proceedings not inconsistent herewith.