■ In the Matter of the Claim of JOSEPH A. KNAPICK, Respondent, v VILLAGE OF ENDICOTT FIRE DEPARTMENT et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeals from decisions of the Workmen's Compensation Board, filed December 31, 1975 and April 16, 1976. Claimant, a captain in the Village of Endicott Fire Department with 31 years of service, became ill while taking a shower on September 13, 1971 following the performance of strenuous fire-fighting duties earlier that day. He proceeded to the emergency room of a local hospital complaining of shortness of breath and fatigue. He was sent home, but the symptoms persisted and he sought further medical attention about a week later which resulted in hospitalization for diagnostic testing. Subsequent cardioangiography under the direction of an expert in the field, as supplemented by the history presented by claimant, culminated in the opinion that he had suffered a myocardial infarction as a result of his activities while fighting the fire on September 13, 1971. This expert also opined that he suffered from a permanent disability, was unable to perform his firemanic chores, and should lead a sedentary life. There was other expert medical opinion to the contrary. The board has found that claimant's firemanic duties undertaken on September 13, 1971 resulted in a myocardial infarction, thus constituting an accidental injury arising out of and in the course of his employment, and that the ensuing disability was causally related thereto.

An amended decision found total disability for such duties subsequent to January 1, 1972, but otherwise affirmed the prior decision. Upon a review of this record we conclude that there is substantial evidence to support the determination of the board. Conflicting medical opinions were offered and, under these circumstances, we must affirm the board's resolution of such factual matters *(Matter of Prue v Empire Scrap Metals,* 32 AD2d 680). As to the issue of claimant's disability, it is clear from the record that he is totally disabled from employment in the occupation for which he is qualified (see *Matter of House v International Talc Co.,* 51 AD2d 832, mot for lv to app den 39 NY2d 708). Decisions affirmed, with costs to the Workmen's Compensation Board. Koreman, P. J., Greenblott, Sweeney, Kane and Mahoney, JJ., concur.