■ In the Matter of the Claim of Verna Fell, Appellant, v A & W Products, Inc., et al., Respondents. Workmen's Compensation Board, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed April 8, 1976, which denied claimant's application to reopen and for a rehearing on her claim for compensation. On July 15, 1958, claimant filed a claim for compensation on the ground that she suffered an occupational disease by reason of inhalations for a period from January, 1958 to April, 1958 of plastic glue in her position as assembler and packer with her employer which resulted in the disease of cirrhosis of the liver. The claim was originally disallowed by decision of the referee and affirmed by the board in a decision filed December 22, 1961. The board, in a decision filed June 4, 1965, denied an application by claimant's attorneys for reopening of the case and rehearing. From that decision, claimant filed a notice of appeal to this court. On September 19, 1966, this court dismissed the appeal unless claimant filed the record, brief and notice of argument before October 5, 1966. No such filing took place. On December 23, 1975, claimant's counsel submitted a further request for reopening of the case and restoral to the calendar for testimony. The board denied the application, and from this decision claimant appeals to this court. The original claim was heard on the merits with testimony by claimant, the employer, lay witnesses and physicians who expressed differing opinions as to causal relationship and diagnosis. The present application to reopen claims that scientific developments disclose that similar symptoms and liver condition which affected claimant could be caused by exposure to the glue which claimant experienced in her employment. However, the scientific developments were not specified. The reopening of a claim by the board lies within the discretion of the board, and such denial is not reviewable unless arbitrary and capricious *(Matter of Cappellano v Harry M. Stevens, Inc.,* 35 AD2d 861). In addition, section 123

of the Workmen's Compensation Law provides that no claim disallowed after a trial on the merits shall be reopened after seven years, and that section is controlling under the circumstances here *(Matter of Stimburis v Leviton Mfg. Co.,* 5 NY2d 360). Decision affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Mikoll, JJ., concur.