■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RALPH FORD, Petitioner, v E. W. JONES, as Warden of the Great Meadow Correctional Facility, Respondent.—Application, dated "January 1978", for writ of habeas corpus and for other relief denied. Mahoney, P. J., Sweeney, Staley, Jr., Larkin and Mikoll, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEONARD ANTHONY PORTER, JR., Petitioner, v ROBERT HENDERSON, as Superintendent of Auburn Correctional Facility, et al., Respondents.—Application for writ of habeas corpus denied. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.

## (March 9, 1978)

■ In the Matter of the Claim of JOSEPH PIZZUTTI, Appellant, v MINJAC TOY SUPERMARKET et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed September 18, 1975, which denied claimant's application for a rehearing. Claimant sustained a compensable heart attack in 1966 for which he has been receiving benefits to date. In 1974, claimant suffered a second heart attack. After hearings, which included the presentation of medical evidence by both the attending physician and the carrier's physician, the board found that the second heart attack was not causally related. Claimant requested the board to rehear and reconsider, which request was denied. From that denial, this appeal ensues. The application for a rehearing was based upon a letter from the claimant's attending physician who had previously testified. The letter modified in some respects the doctor's prior report. In his 1974 report the said physician expressed an opinion that there was no causal relationship between the 1966 heart attack and the 1974 heart attack. In the letter in question, he modified that by stating that the prior heart attack "could have" contributed to the 1974 heart attack. An application to reopen a hearing is addressed to the discretion of the board and, on an appeal from its refusal, this court must consider whether such a decision was arbitrary, capricious or an abuse of discretion (*Matter of Fell v A & W Prods.*, 61 AD2d 855). There is substantial medical evidence in this record to support the determination of the board. The conflicting medical evidence falls within the fact-finding powers of the board in determining medical causality (*Matter of Trgo v Harris Structural Steel Corp.*, 13 AD2d 856). We cannot say that the denial of the board of the request for reconsideration and rehearing based upon a letter from claimant's doctor was an abuse of discretion or arbitrary or capricious. Decision affirmed, without costs. Greenblott, J. P., Kane, Larkin, Mikoll and Herlihy, JJ., concur.