■ In the Matter of the Claim of FRANK GYORY, Respondent, v FAIRCHILD INDUSTRIES, INC., et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Harvey, J. Appeal from an amended decision of the Workers' Compensation Board, filed October 21, 1988.

Claimant was injured in a car accident on August 28, 1973 while on a business trip for his employer. The employer and its workers' compensation insurance carrier commenced payment of benefits which claimant returned because he allegedly believed that his injury was not within compensation coverage. Payments were stopped and the workers' compensation case was closed for failure to prosecute. Claimant filed for nonoccupational disability benefits but this claim was ultimately disallowed with a finding that claimant's injury arose out of and in the course of his employment. In the meantime, claimant commenced a negligence action against the driver and the owner of the car in which he was a passenger when the accident occurred. The defense of workers' compensation as claimant's exclusive remedy was interposed and claimant moved to dismiss that defense. This motion was denied and the denial was affirmed on appeal by the Second Department (Gyory v Radgowski, 48 AD2d 832).

Subsequently, in July 1979, the trial court stayed the action pending a determination by the Workers' Compensation Board on the threshold issue of compensable injury. Claimant returned to the Board and requested review of the original disability hearing. The Board reviewed and rescinded the original decision on May 23, 1980, referring the matter to a Trial Calendar for determination of the issue of an accident arising out of and in the course of employment. At the hearing, the Workers' Compensation Law Judge (hereinafter WCLJ), after ascertaining that claimant did not wish to pursue a claim, held the case closed and the claim disallowed because "[n]o one can force [claimant] to pursue a work[er's] compensation claim if he doesn't want one".

Pursuant to this decision, claimant again moved to dismiss the workers' compensation defense in the negligence action and for summary judgment on the issue of liability. This motion was denied and the trial court dismissed the complaint. The Second Department reversed and remitted the

case to the Board for a hearing as to the applicability of the Workers' Compensation Law, holding that the WCLJ's closing of the case on claimant's decision to forego the claim was error *(Gyory v Radgowski,* 89 AD2d 867). Consequently, claimant again requested Board review. This was granted and the Board rescinded the decision closing the case. After hearings, the WCLJ found accident, notice and causal relationship. The carrier applied for review, contending that Workers' Compensation Law §§ 25-a and 123 barred the claim. Further hearings were held and ultimately the Board found that these statutory provisions were inapplicable. The employer now appeals.

We affirm. Initially, we find that the Board correctly determined that Workers' Compensation Law § 123 is inapplicable in this case. This statute provides that, while the jurisdiction of the Board as to each case shall be continuing: "no claim for compensation or for death benefits that has been disallowed after a trial on the merits, or that has been otherwise disposed of without an award after the parties in interest have been given due notice of hearing or hearings and opportunity to be heard and for which no determination was made on the merits, shall be reopened after a lapse of seven years from the date of the accident or death" (Workers' Compensation Law § 123). The employer argues that the case was closed in December 1980 and that claimant's application to reopen in November 1982 was more than seven years after the accident, so that Workers' Compensation Law § 123 bars reopening.

We do not agree. Claims have been considered beyond seven years from the accident when, for example, an application to reopen is made within the statutory period, even if it was initially erroneously denied and subsequently granted after the statutory period, on the theory that the original application invoked the Board's continuing jurisdiction under the statute *(see, Matter of Stimburis v Leviton Mfg. Co.,* 5 NY2d 360; *Matter of Roder v Northern Maytag Co.,* 297 NY 196). Such a situation is presented in the case at bar. Claimant's original request to reopen was made August 13, 1979 and granted June 24, 1980, less than seven years from the date of the accident, viz., August 28, 1973. Reopening resulted in the decision to close because of claimant's disinterest in pursuing a claim. This closing was properly found by the Board to be erroneous. Since the Board had specifically ordered a determination of the issue of compensability, such a determination can be made even in the face of a claimant's recalcitrance *(see, O'Rourke v Long,* 41 NY2d 219). Thereafter, the case was again reopened on request with an ultimate finding of com-

pensability. Accordingly, the initial request to reopen was made within the time limit of the statute and any subsequent reconsideration of the decision, even though the case was closed after the initial reopening, is allowed and Workers' Compensation Law § 123 is inapplicable *(see, Matter of Stimburis v Leviton Mfg. Co., supra)*.

Finally, we reject the alternative contention of the employer that, if Workers' Compensation Law § 123 is inapplicable, liability for the claim should be shifted to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a. In cases such as the instant one where an application for reopening is denied within seven years of the accident and subsequently reopened on an application after the statutory time period, liability remains with the employer and its carrier under the theory that the application was initially made within seven years *(see, Matter of Roder v Northern Maytag Co., supra,* at 200; *cf., Matter of Stimburis v Leviton Mfg. Co., supra)*.

Amended decision affirmed, with one bill of costs to respondents filing briefs. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.