INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Appellant, *v.* RALPH J. BUCKLEY et al., Respondents.

Third Department, May 8, 1946.

604

*John J. Scully,* attorney for plaintiff.

*Turner & Murphy,* attorneys for defendants.

HEFFERNAN, J. On July 3, 1942, George Provost, an employee of Edwidge Desjardine, sustained fatal injuries as a result of being struck by a truck owned by defendant, Buckley, and operated by the codefendant, Minnick. Provost left no dependents entitled to compensation under the provisions of the Workmen's Compensation Law. The administratrix of his estate instituted an action in the Supreme Court against defendants to recover damages for negligently causing his death. Upon the trial of that action the plaintiff therein obtained a judgment against defendants for the sum of $2,464.83 which they paid and satisfied.

Subsequently to the death of Provost his employer, Desjardine, filed in the office of the Industrial Commissioner of

the State of New York the standard form of employer's first report of injury in which it was stated, *inter alia,* that Provost's mortal injuries arose out of and were sustained in the course of his employment.

The plaintiff in this action, the compensation insurer of the employer, filed a notice with the Industrial Commissioner controverting any claim for benefits under the Workmen's Compensation Law. In that notice plaintiff alleged that '' Accident did not arise out of or in the course of claimant deceased's employment. Accident was caused solely by the claimant's intoxicated condition. Accident was entirely unrelated to deceased claimant's employment.''

Thereafter a hearing was had before the State Industrial Board to determine the question of benefits and rights under the Workmen's Compensation Law by reason of Provost's death. Defendants were not parties to that proceeding. Plaintiff sought to defeat the claim and produced substantial evidence to sustain its contention. Some proof was submitted to sustain the claim. The evidence presented a question of fact for the board's determination. That question was resolved by the board against plaintiff. The board found that decedent's injuries and death arose out of and in the course of his employment; that there were no dependents entitled to compensation and that the third party recovery exceeded the amount of the funeral bill. The board thereupon made an award against plaintiff of $2,000 to the Special Funds pursuant to the provisions of subdivisions 8 and 9 of section 15 and subdivision 3 of section 25-a of the Workmen's Compensation Law.

Plaintiff paid the award against it as directed and has now brought this action against defendants pursuant to the provisions of section 29 of the Workmen's Compensation Law to recover the amount so paid.

The negligence alleged in the complaint in this action against defendants is identical with that charged in the complaint of the administratrix in the action in which she was successful. Defendants' answer denies the material allegations of the complaint. It also alleges as a defense that Provost's injuries did not arise out of and in the course of his employment and that they were occasioned solely by reason of his intoxication.

Plaintiff moved to strike out defendants' answer as a sham and for judgment in its favor in the sum of $2,000. From an order of the Albany Special Term of the Supreme Court denying its application plaintiff has come to this court.

Plaintiff contends that the determination of the State Industrial Board that Provost came to his death while engaged in the course of his employment is binding upon defendants. The position of defendants is that they were not parties to that proceeding; that the adjudication then made is not binding on them, and that they are entitled to litigate the issue as to whether or not Provost was killed in the course of his employment.

Unquestionably the judgment in the action of the administratrix is binding on defendants on the questions of negligence and contributory negligence. They may not retry those issues in this action.

The question as to whether or not the determination of the Industrial Board on the issue of decedent's employment is *res judicata* as to these defendants, so far as our research discloses, has never been passed upon directly by this Court or the Court of Appeals.

Counsel for both parties have called our attention to *Phœnix Ind. Co.* v. *Staten Island R. T. Ry. Co.* (251 N. Y. 127, affd. *sub nom. Staten Island Ry. Co.* v. *Phœnix Co.*, 281 U. S. 98) and also to *Liberty Mutual Ins. Co.* v. *Colon & Co.* (260 N. Y. 305). In neither of these cases was the question now presented to us passed upon directly. In the *Phœnix Indemnity Co.* case (*supra*), the issue involved was the constitutionality of subdivisions 8 and 9 of section 15 and section 29 of the Workmen's Compensation Law. The primary question in the *Liberty Mutual Ins. Co.* case (*supra*) was whether, having litigated the issue of negligence in an action to which it was a party, the same defendant could assert the same defense against a plaintiff who was not a party to the former action.

There are statements in each of the opinions in these two cases indicating that the defendants here may test the validity of the award against plaintiff by any defense which plaintiff could have interposed because they were not parties to that proceeding and are not bound thereby.

Here plaintiff is seeking indemnification from defendants. We think no adjudication as to their liability on the cause of action alleged against them can be made without affording them an opportunity to be heard. True they may not retry the issues disposed of in the action to which they were parties. We are convinced, however, that they may litigate in this action the issue as to whether or not decedent's death occurred while in the course of his employment and arose out of it. The determination of the Industrial Board is not binding on them as they were not parties to that proceeding.

The order appealed from should be affirmed, with $10 costs and disbursements.

All concur.

Order appealed from affirmed, with $10 costs and disbursements. [See *post,* p. 1056.]