Heffernan, J.
The decedent, Michael Kelleher, was employed as a maintenance man by the City of New York. He lived- and worked on Welfare Island which is owned by the city and is occupied- exclusively by city institutions. His regular hours of employment were from 7:30 a.m. to 4:00'p.m. He received his food and lodging as part of his compensation.
On May 15, 1945, decedent was permitted to take a vacation' for a period of two weeks. Two days later he left the place *409 of his employment to do some shopping in New York City. Later in the day he returned to his place of abode. At about 10:30 p.m. on the same day he left his room for the purpose of returning to the city and while still on his employer’s premises he was struck by a bus owned and operated by the latter and sustained fatal injuries as a result of which he died three days later.
Decedent left no dependents entitled to compensation and no claim was made for his funeral expenses. He was, however, survived by a son, who, on June 10, 1945, was appointed administrator of his estate by the Surrogate’s Court of New York County for the purpose of prosecuting an action against the City of New York on the theory that the latter negligently caused his father’s death. Thereafter, such an action was instituted in the Supreme Court and is now pending.
A cause of action for injuries resulting in death prosecuted by an administrator is for the benefit, not of dependents as defined by the Workmen’s Compensation Law, but of next of kin as defined by sections 133 and 134 of the Decedent Estate Law. The two classes are not invariably identical. (Matter of Battalico v. Knickerbocker Fireproofing Co., 250. App. Div. 258, motion for leave to appeal denied, 274 N. Y. 641.)
Subsequently to Kelleher’s death his employer filed in the office of the Workmen’s Compensation Board the standard form of first report of injury in which it was stated, inter alia, that Kelleher’s mortal injuries occurred while he was on his vacation.
A hearing was had before the Workmen’s Compensation Board and that tribunal held that the death of the decedent arose out of and in the course of his employment, that,he left no dependents, that no claim was made for his funeral expenses and thereafter it made an award against the City of New York and in favor of the Vocational Rehabilitation Fund and the Fund for Reopened Cases.
The administrator appeared in that proceeding and challenged the jurisdiction of the board upon the ground that decedent’s injuries and death did not arise out of and in the course of his employment.
The board ruled that inasmuch as there were no persons entitled to death benefits by reason of the death of decedent and because no claim was made for funeral expenses the administrator was not' a party in interest and had no standing before the board.
The employer and the administrator appealed to this court from the determination of the Workmen’s Compensation Board. *410 The appeal on behalf of the employer has been discontinued however and we now have before us only the appeal of the administrator.
An administrator as such is not entitled to claim compensation or death benefits (Workmen’s Compensation Law, §§ 16, 25).
In our opinion the board correctly held that the appellant was not a party in interest before it. He is not aggrieved by its ruling nor is he bound by its determination that decedent’s injuries and subsequent death arose out of and in the course of his employment. He is entitled to litigate that, issue, among others, in the action pending in the Supreme Court. The decision of the Workmen’s Compensation Board is no bar to the maintenance of that action (Matter of Zirpola v. Casselman, Inc., 237 N. Y. 367; Indemnity Ins. Co. of North America v. Buckley, 270 App. Div. 603). We express no opinion upon any other question presented..
It, therefore, follows, that the appeal of the administrator should be dismissed but, under the circumstances, without costs.