In the Matter of the Claim of MAX KAPLAN, Respondent, against WIRTH & BIRNBAUM, Employer, and SPECIAL FUND FOR REOPENED CASES, Appellant.
    WORKMEN'S COMPENSATION BOARD, Respondent.
In the Matter of the Claim of JOHN R. HOUSTON, Respondent, against WILLIAM L. MANTHA COMPANY, INC., Employer, and SPECIAL FUND FOR REOPENED CASES, Appellants.
    WORKMEN'S COMPENSATION BOARD, Respondent.

Argued May 15, 1950; decided June 1, 1950.

*John M. Cullen* for appellants.   Each sentence of section 123 of the Workmen's Compensation Law relates to all cases coming under the compensation law and includes claims or applications made for reopening against the Special Fund for Reopened Cases.   (*People* v. *Ryan,* 274 N. Y. 149; *Matter of Roder* v. *Northern Maytag Co.,* 297 N. Y. 196; *Matter of Norcisco* v. *American Book Bindery,* 268 App. Div. 837; *Matter of Sager* v. *General Elec. Co.,* 269 App. Div. 801; *Matter of Post* v. *Burger & Gohlke,* 216 N. Y. 544; *Matter of Kiriloff* v. *A. G. W. Wet Wash Laundry,* 293 N. Y. 222.)

*Abraham Markhoff* for Max Kaplan, claimant-respondent. The Workmen's Compensation Board has jurisdiction to consider this claim as against the Special Fund for Reopened Cases.   (*Matter of Post* v. *Burger & Gohlke,* 216 N. Y. 544; *Matter of Watkins* v. *Cornwall Press,* 270 App. Div. 615; *Strand* v. *Harris Structural Steel Co.,* 209 App. Div. 310.)

*Nathaniel L. Goldstein, Attorney-General* (*Daniel Polansky, Wendell P. Brown* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.   Sections 25-a and 123 of the Workmen's Compensation Law vested jurisdiction in the Workmen's Compensation Board to accept and determine claimants' applications to reopen their claims against the Special Fund for Reopened Cases.   (*Matter of Watkins* v. *Cornwall Press,* 270 App. Div. 615; *Matter of Tipton* v. *Lang's Bakery,* 250 App. Div. 696, 275 N. Y. 572; *Matter of Roder* v. *Northern Maytag Co.,* 271 App. Div. 452, 272 App. Div. 838, 297 N. Y. 196.)

FROESSEL, J.   These companion appeals present a common question of law, certified to us by the Appellate Division in each case, as follows: '' Under the facts in this case, does the Board have the power and jurisdiction to reopen the claim against the Special Fund for Reopened Cases under the Compensation Law?''

The facts in each case are not in controversy.   The Kaplan claim, based on an injury (hernia), which allegedly occurred on October 22, 1934, as a result of claimant's having picked up a sixteen-pound pressing iron, was originally disallowed by the

Workmen's Compensation Board on June 8, 1935, after a contested hearing at which it was determined that no causal relationship existed. No appeal was taken from that determination. Over thirteen years after the alleged accident, on January 27, 1948, claimant filed an application to reopen his claim. The Houston claim, based on an injury (rupture), which allegedly occurred on October 10, 1935, was closed on July 30, 1936, after four hearings were scheduled, of which claimant was given due notice, and he failed to appear or otherwise press his claim. Nearly eleven years later, on June 26, 1947, he filed application to reopen his claim.

In each case, respondent board determined that it had jurisdiction to entertain the application and to reopen the claim, discharged the employer and carrier from liability, and held that the Special Fund would be solely liable for any award of compensation which might thereafter be made.

As is conceded by appellant, there is no question that, prior to 1940, the action of the board would have been entirely proper. In that year, however, sections 25-a and 123 of the Workmen's Compensation Law were amended (L. 1940, ch. 686), and it is upon the construction of these concurrent amendments that the determination of these appeals depends.

Section 25-a, which is concerned with the liability of the Special Fund, provides as follows, so far as pertinent here:

" 1. Notwithstanding other provisions of this chapter, when an application for compensation is made by an employee  *  *  * and the employer has secured the payment of compensation in accordance with section fifty of this chapter, (1) after a lapse of seven years from the date of the injury or death and claim for compensation previously has been disallowed or claim has been otherwise disposed of without an award of compensation  *  *  * *subject to the provisions of section one hundred and twenty-three of this chapter,* testimony may be taken, either directly or through a referee and if an award is made it shall be against the special fund provided by this section." (Emphasis supplied.)

" 6. Notwithstanding any other provision of this chapter, no award of compensation or death benefits shall be made against said special fund or against an employer or an insurance carrier where application therefor is made after a lapse of eighteen

years from the date of the injury or death and also a lapse of eight years from the date of the last payment of compensation."

The italicized portion of subdivision 1, and the whole of subdivision 6, were added by the 1940 amendment.

At the same time section 123, which deals with the power and jurisdiction of the board, was amended by the addition of all matter beginning with the word " except ", which I have italicized, and now reads as follows: " The power and jurisdiction of the board over each case shall be continuing, and it may, from time to time, make such modification or change with respect to former findings, awards, decisions or orders relating thereto, as in its opinion may be just, *except* that, where the employer has secured the payment of compensation in accordance with the provisions of section fifty of this chapter, no claim for compensation or for death benefits that has been disallowed after a trial on the merits, or that has been otherwise disposed of without an award after the parties in interest have been given due notice of hearing or hearings and opportunity to be heard and for which no determination was made on the merits, shall be reopened after a lapse of seven years from the date of the accident or death. Nor shall any award of compensation or death benefits be made against the special fund provided in section twenty-five-a of this chapter or against an employer or an insurance carrier where application therefor is made after a lapse of eighteen years from the date of the injury or death and also a lapse of eight years from the date of the last payment of compensation."

It will be observed from the foregoing that the 1940 amendments made subdivision 1 of section 25-a, empowering the board to make awards against the Special Fund, " subject to the provisions of " section 123, and that the first sentence of that section imposes a new limitation on the power of the board with respect to the two classes of exceptions set forth therein. Appellant contends that respondent board and the court below erred in failing to give effect to this new limitation, and with this view we are in accord.

The Special Fund was created in 1933 (L. 1933, ch. 384), for the purpose of relieving the employer and carrier of liability for stale claims. The employer who complied with the law by securing compensation in accordance therewith was relieved

from all liability, where no award had been made, after the lapse of seven years. Since this was so until 1940, it is obvious that the amendment of that year was pointless if its only effect was again to relieve such employers from a burden which they then did not bear. In our opinion, its manifest purpose was to benefit the Special Fund in two classes of exceptions set forth in section 123: (1) where the claim " has been disallowed after a trial on the merits ", e.g., as in the Kaplan case, where the issue of causal relationship was presented, contested and decided adversely to the claimant, and (2) where the claim " has been otherwise disposed of without an award after the parties in interest have been given due notice of hearing or hearings and opportunity to be heard and for which no determination was made on the merits ", as in the Houston case. It follows that, after the lapse of seven years, the Special Fund remains liable in all other cases where the claim " has been disallowed or * * * otherwise disposed of without an award of compensation " (Workmen's Compensation Law, § 25-a, subd. 1), and such liability continues until the " lapse of eighteen years from the date of the injury " and also " eight years from the date of the last payment of compensation " (Workmen's Compensation Law, § 25-a, subd. 6; last sentence of § 123). By way of illustration, such cases might arise when a claim is closed out pending claimant's request for an operation, or for some other reason a merely technical disposition is made.

We are led to the logical and inescapable conclusion that the Legislature intended to relieve the Special Fund of liability for, and to put at rest, stale claims attempted to be reasserted after seven years by claimants who had failed to make out a case in contested hearings or had failed even to attempt to assert their claims after due notice and an opportunity to be heard. To construe the amending language otherwise would be tantamount to holding it meaningless.

The orders appealed from should be reversed and the claims dismissed, without costs. The question certified in each case is answered in the negative. The appeal taken as of right in each case should be dismissed.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FULD, JJ., concur.

Orders reversed, etc.