In the Matter of the Claim of CHARLES W. ENNIS, Respondent, against KENNEDY VALVE MFG. CO. et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, by the Special Fund for Reopened Cases under section 25-a of the Workmen's Compensation Law. The question upon this appeal is whether the Workmen's Compensation Board had jurisdiction to reopen the case and make an award against the Special Fund in view of the provisions of sections 123 and 25-a of the Workmen's Compensation Law. The claimant suffered an injury to his right leg in 1932, for which he first filed a claim in 1940, almost eight years after the occurrence of the injury. A hearing was held in 1940, and the claim was dismissed upon the ground that the claim had not been filed in time under the provisions of section 28 of the Workmen's Compensation Law. In 1943, the claimant again suffered an injury to the same leg. While the claim for the second accident was pending, in March, 1947, an application was made to reopen the previously disallowed 1932 accident claim. The board reopened the claim and found that the referee had been in error in disallowing it. The board found that the time limitations of section 28 had been waived by the employer by making an advance payment of compensation to the claimant in the form of medical treatment and care. This had apparently been overlooked by the referee when he disallowed the claim in 1940. The board found that the present condition of the claimant was attributable equally to both accidents and it therefore made an award against the employer at the time of the second accident for 50% of the liability and an award against the Special Fund for the other 50%, on the ground the Special Fund was chargeable with any liability growing out of the first claim. The problem here presented involves the construction of the amendments enacted by chapter 686 of the Laws of 1940 to sections 25-a and 123, dealt with by the Court of Appeals in *Matter of Kaplan v. Wirth & Birnbaum* (301 N. Y. 121, revg. 276 App. Div. 49). In that case, the Court of Appeals reconciled the apparently conflicting provisions of the two sections as amended and held in substance that the 1940 amendment prohibited the reopening of a case against the Special Fund after the lapse of seven years from the date of the injury or death (1) if the claim had been "'disallowed after a trial on the merits'" or (2) if the claim had been "otherwise disposed of without an award after the parties in interest have been given due notice of hearing or hearings and opportunity to be heard", as for example, in a case of default in appearance by the claimant, but that the fund could still be held liable under section 25-a on a claim which was reopened after the expiration of seven years where the claim had been previously disallowed or otherwise disposed of without an award in any other manner, as for example, in a case in which "a merely technical disposition" had been made. In this case, the claim on account of the 1932 accident had been dismissed by the referee on the ground that it was barred by the Statute of Limitations. This was not a disposition "after a trial on the merits". As Presiding Justice FOSTER pointed out in his dissenting opinion in the Appellate Division in the *Kaplan* case (276 App. Div. 49, 57–58), a trial on the merits means a trial of the substantive issues in the case. The substantive issues in a workmen's compensation case are whether a workman has sustained an accident arising out of and in the course of his employment and whether the condition of which he complains was causally related to the accident. "All other issues are technical and procedural". The term "on the merits" is given different meanings in different contexts.

(*Buchholz* v. *United States Fire Ins. Co.*, 269 App. Div. 49; *Streeter* v. *Graham & Norton Co.*, 237 App. Div. 258, revd. on other grounds 263 N. Y. 39.) The phrase used in the statute here under consideration is disallowance " after a trial on the merits ". In the context here presented, it is clear that a dismissal on the ground that the claim is barred by the Statute of Limitations is not a disallowance " after a trial on the merits ". Decision of the Workmen's Compensation Board unanimously affirmed, with costs to the board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.