■ EMMETT BAKER, Respondent, v. JAY B. MATTHEWS et al., Defendants, and FRANK BYROADS, Appellant.— Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. Memorandum: The motion to strike out the affirmative defense that the accident arose out of and in the course of the employment of the plaintiff by the defendant-appellant Byroads and that a proceeding under the Workmen's Compensation Law was the plaintiff's exclusive remedy, should have been denied. The motion was made on the ground that the defense was barred by a prior adjudication by the Workmen's Compensation Board to the effect that the accident had not occurred in the course of the plaintiff's employment by the defendant. The motion purported to have been made under rule 109 of the Rules of Civil Practice but that rule deals only with a defense which is insufficient in law on its face and the defense pleaded in this case was not insufficient on its face. Neither will a motion lie to strike out an affirmative defense on the ground of *res judicata* under rule 107 or rule 110; those rules refer only to the dismissal of a complaint or counterclaim on the ground of *res judicata* (*Post* v. *Lyford,* 285 App. Div. 101). However, the motion may be regarded as one to strike out the defense as sham under rule 103 (*Ogino* v. *Black,* 278 App. Div. 146, affd. 304 N. Y. 872). But we find that questions of fact are involved in the determination of the validity of the plaintiff's claim of *res judicata,* which cannot be disposed

of summarily but which require a plenary trial. It appears that the plaintiff's attorney had himself asserted before the Workmen's Compensation Referee that the accident had not occurred in the course of plaintiff's employment by the defendant. It may well be that the disallowance of the claim was, in effect, based upon a withdrawal of the claim by the plaintiff rather than upon a quasi-judicial determination by the Referee. A full inquiry should be had into the proceedings before the Referee in order to determine whether in fact there was an adjudication, upon the basis of which the doctrine of *res judicata* can be invoked (Restatement, Judgments, § 53, comment a, p. 206, § 68, comment i, p. 304, comment r, p. 313; cf. *Greenberg* v. *De Hart*, 4 N Y 2d 511). It also appears that the plaintiff had never filed a workmen's compensation claim but that the proceeding had been initiated by a notice of accident filed by the defendant as the employer. The plaintiff contends that the defendant, through his compensation insurance carrier, asserted before the Workmen's Compensation Referee that the accident had not arisen in the course of his employment of the plaintiff; the notice of accident had apparently been filed only as a precautionary measure. If this is true, the defendant may well be estopped by reason of this assertion, from now asserting the contrary. But this raises a question of estoppel by conduct which can be decided only as a question of fact after a trial. If the plaintiff wishes to have the issue raised by the affirmative defense tried out in advance of the other issues in the case, he may move for a severance and separate trial of that issue under section 443 of the Civil Practice Act. All concur. (Appeal from an order of Erie Special Term granting plaintiff's motion to strike out affirmative defense in answer.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.