■ In the Matter of the Claim of MARGARET JANIKOWSKI, Respondent, against YARDLEYS OF LONDON, INC., et al., Appellants-Respondents, and ABRAHAM & STRAUS et al., Appellants-Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by Yardleys of London, Inc. (hereinafter called Yardleys) and its carrier, and an appeal by Abraham & Straus (hereinafter called A. and S.) and its carrier, from a decision and award which held that each company was an employer of claimant and was equally liable for her disability compensation. Each company contends that the other was the employer. Claimant was hired by A. and S. as a salesclerk to sell only Yardleys' products at a counter in the A. and S. store. She was subject to all the rules relating to employees of A. and S. as to working hours, etc., and A. and S. could discharge her. She could not, however, be shifted from counter to counter as other sales personnel could, but devoted full time to selling Yardleys' products exclusively. A. and S. paid her salary initially but was fully reimbursed by Yardleys. The accidental injuries were sustained in the A. and S. store. Upon these facts the board clearly could hold that A. and S. was an employer of claimant. Claimant was instructed by Yardleys as to the nature and price of its various products, sold only its products, and Yardleys eventually paid her full wages. Upon these facts the board could find that Yardleys was an employer of claimant. Whether a general and special employer situation, as found by the board, existed or not is unimportant, since there clearly was a dual employer situation and the board could properly make the award against either or both. (*Matter of De Noyer* v. *Cavanaugh*, 221 N. Y. 273; *Matter of Cook* v. *Buffalo Gen. Hosp.*, 308 N. Y. 480.) Claimant filed a timely claim against Yardleys naming it as her employer and the same day filed a notice of commencement of a third-party action against A. and S. On July 23, 1948 the case was closed, with no decision on the merits, pending the outcome of the third-party action. On January 29, 1956 the third-party action was dismissed because of claimant's failure to prosecute. The compensation case was thereafter reopened, and at the first hearing claimant filed a claim against A. and S. and amended the original claim to include A. and S. as an employer. The contention of A. and S. that the claim against it is barred by section 28 because of lack of timely filing is without merit because, as a dual or joint employer with Yardleys, a claim against one is enough to stop the running of the time limitation against both. Moreover, A. and S. knew of the claim and participated in hearings well within the two-years period and waived the provisions of section 28 by not making a timely objection. Both appellants contend that the claim is barred by section 123 because it was reopened more than seven years after the accident. Section 123

is inapplicable by its terms. Certainly there was no "trial on the merits" (*Matter of Ennis* v. *Kennedy Valve Mfg. Co.*, 282 App. Div. 971), and the claim had not been "otherwise disposed of" after due notice, etc., because of the express terms of the closing pending determination of the third-party action the case was not "disposed of" but further action was contemplated. Likewise, the Special Fund under section 25-a is not liable because the case had not been closed with no further proceedings contemplated. (*Matter of Casey* v. *Hinkle Iron Works*, 299 N. Y. 382; *Matter of Diskin* v. *99 Wall St. Corp.*, 279 App. Div. 1103.) Finally, under the particular circumstances of this case, Yardleys should not be released from liability because the so-called third-party action was disposed of by the court without notice to or the consent of Yardleys. That a third-party action, or even a third party, existed, was a misconception in the first place. Moreover, not only was Yardleys not prejudiced by the disposition of the third-party action, but it may not be heard to assert the lack of its consent when it has itself been asserting from the start and is still asserting that A. and S. could not be a third party because it is an employer. Award unanimously affirmed, with one bill of costs against appellants to be divided between respondents filing a brief, with printing disbursements to each. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.