BEVERLY PFEIFFER et al., Respondents, *v.* DAWN McCALL et al., Appellants, et al., Defendant.

Fourth Department, July 1, 1960.

*Miles, Cochrane & Grosse* (*Lowell Grosse* of counsel), for appellants.

*Hayden H. Dadd* for respondents.

MEMORANDUM BY THE COURT. Plaintiff Beverly Pfeiffer was a passenger in an automobile driven by defendant Dawn McCall and owned by defendant Alan McCall. Both plaintiff passenger and defendant driver were nurses employed by the County of Wyoming and at the time of the accident were en route to Buffalo to pay tuition fees for a nursing course which they were to take at the University of Buffalo. Defendants McCall and defendant County of Wyoming interposed answers containing affirmative defenses alleging that at the time of the accident plaintiff passenger and defendant driver were in the course of their employment by defendant County of Wyoming. Special Term granted plaintiffs' motion to strike out these affirmative defenses as sham and in its memorandum distinguished the case at bar from *Baker* v. *Matthews* (8 A D 2d 585) on the ground that in the *Baker* case there had not been a full inquiry in compensation court, whereas in the instant case a regular scheduled hearing had been held. We agree with the distinction made by Special Term but only as it relates to the defendant County of Wyoming. A C-2 form was filed by the county as employer and a notice of controversy, a C-7 form was filed by the carrier, Self Insurance Fund of Wyoming County but no claim was ever filed by the plaintiff passenger. A hearing was held and testimony taken before a Compensation Referee at which the defendant County of Wyoming appeared by counsel and made no objection to the disallowance of the claim by the Referee. Under these circumstances, the defendant County of Wyoming had its day in court on the question of course of employment and Special Term properly granted plaintiffs' motion to strike that affirmative defense. No notice of the compensation hearing was ever given to the defendants McCall and they in no manner participated in the hearing. If this hearing is used as a bar against them, they will be denied an opportunity of asserting their defense without ever having their day in court on this question. (See *Indemnity Ins. Co.* v. *Buckley,* 270 App. Div. 603.) The failure to involve defendants McCall in the compensation hearing and thereby give them an opportunity to sustain their affirmative defense prevents plaintiffs from invoking the doctrine of *res judicata* as against defendants McCall. Special Term's order should be modified to reverse that part which struck out the affirmative defense of defendants McCall.

HALPERN, J. (dissenting in part). I dissent from so much of the decision as upholds the striking out of the affirmative defense pleaded in the answer of the defendant county. I do

not think that this case is distinguishable from *Baker* v. *Matthews* (8 A D 2d 585).

The plaintiffs rely upon the doctrine of *res judicata* or, more accurately, collateral estoppel by judgment, as the basis of their motion to strike out the defense. But, in my opinion, that doctrine is not applicable here. There has been no binding adjudication that the injury suffered by the plaintiff Beverly Pfeiffer did not arise out of and in the course of her employment. All that took place before the Workmen's Compensation Referee was the disavowal of any claim to workmen's compensation by Mrs. Pfeiffer. She had not filed any claim but the county had filed a notice of accident (C-2) and for that reason the case was placed on the Referee's calendar. The county had also filed a C-7, asserting that the accident had not arisen out of and in the course of Mrs. Pfeiffer's employment. Mrs. Pfeiffer agreed with this contention and her attorney so stated when the case was called by the Referee. He stated that he wished to offer Mrs. Pfeiffer's testimony for the purpose of demonstrating that she was not " employed by the Hospital at that time ". Mrs. Pfeiffer then testified to facts which demonstrated that the accident had not arisen out of and in the course of her employment. She testified that at the time of the accident she and the defendant Mrs. McCall, a fellow nurse, were riding in the McCall automobile to the School of Nursing of the University of Buffalo to pay their tuition fee for the coming semester; that the taking of an advanced course of nursing had not been requested by the Wyoming County Hospital and that it was " entirely a matter of personal business ". The Referee thereupon closed the case with the statement: " Claim disallowed. Case closed ".

No issue was submitted to the Referee for decision. The Referee made no findings, as he would have been required to do if a contested issue had been submitted to him for decision (Rules and Procedure of Workmen's Compensation Board, rule 5, subds. [a], [b]). Specifically, there was no finding by the Referee that the accident had not arisen out of and in the course of Mrs. Pfeiffer's employment. It is upon a finding of that nature that the plaintiffs must base their claim of *res judicata.*

The plaintiffs' attorney seeks to distinguish this case from the *Baker* case upon the ground that testimony was introduced in this case. But the testimony of the plaintiff wife was not presented in support of the claim; it was presented to demonstrate that she had no claim. It did not raise any issue calling for a decision by the Referee. The testimony was needless and

it added nothing of legal significance to the simple statement on the plaintiff's behalf that the accident was not covered by workmen's compensation.

The entire proceeding before the Referee consisted of a disavowal of any claim or a withdrawal of the claim if one were deemed to have been made. A dismissal of a case upon the ground of its withdrawal by the plaintiff or upon the ground of the plaintiff's failure to proceed with proof in support of his case, when the case is called, is not an adjudication on the merits. It cannot be made the basis of a subsequent claim of *res judicata* (Restatement, Judgments, § 53, comment *a,* p. 206; § 68, comment *i,* p. 304, comment *r,* p. 313; cf. *Mink* v. *Keim,* 291 N. Y. 300; *Greenberg* v. *De Hart,* 4 N Y 2d 511; *Matter of Franklin* v. *Franklin,* 295 N. Y. 431, 435–436; *Brown* v. *Cleveland Trust Co.,* 233 N. Y. 399, 406).

The majority memorandum argues that *res judicata* is applicable because the defendant had an opportunity to be heard by the Workmen's Compensation Referee on the issue of whether the accident had occurred in the course of employment "and made no objection to the disallowance of the claim by the Referee". But that is not the test of *res judicata.* The question is not whether the defendant had an opportunity to be heard or to object to the dismissal but whether the plaintiff had pressed a claim for compensation to the point of obtaining a quasi-judicial determination of the issue. Put differently, the question is whether the dismissal was the result of a quasi-judicial determination of an issue submitted to the Referee for decision or whether it was the result of a voluntary nonsuit or a voluntary withdrawal of the claim. If it was the latter, it cannot be made the basis of a claim of *res judicata,* even though the defendant consented to the withdrawal or discontinuance by the plaintiff. As the Court of Appeals said, in a case in which it appeared that a prior action had been " ' discontinued by consent of the parties ' * * * there was no adjudication in that action which bound any one ". (*Brown* v. *Cleveland Trust Co.,* 233 N. Y. 399, 406, *supra*; 7 Carmody-Wait, New York Practice, §§ 211–212, pp. 483–485.) The defendant was not under an obligation to see to it that an award was made to the plaintiff in the workmen's compensation proceeding, against her own wishes, in order to be able to set up the defense that workmen's compensation is the plaintiff's exclusive remedy.

It may possibly be argued that, even though *res judicata* is not applicable, the doctrine of equitable estoppel may be invoked to estop the county from setting up the defense that workmen's compensation is the plaintiff's exclusive remedy, in view of its

contrary assertion in the workmen's compensation proceeding. But the essential elements of equitable estoppel are lacking here. There is no showing that the plaintiff relied upon the defendant's statement and, " so relying, change[d] [her] position to [her] injury " (*Metropolitan Life Ins. Co.* v. *Childs Co.*, 230 N. Y. 285, 292). The plaintiff was not induced to refrain from filing or pressing a compensation claim by any assertion by the defendant county. On the contrary, it is clear that she and her attorney independently decided upon her course of conduct for reasons of their own. The dismissal of the claim was not the result of the position taken by the defendant in the workmen's compensation proceeding; it was the result of the position which the plaintiff herself had taken in the proceeding. In any event, it certainly cannot be said that an equitable estoppel is established by the present record as a matter of law. The most that can be said is that the record presents a question of fact as to estoppel but this question can be resolved only upon a plenary trial (*Baker* v. *Matthews*, 8 A D 2d 585, 586, *supra*).

The doctrine of equitable estoppel is not an inflexible doctrine like *res judicata*. Whether it may properly be applied under the circumstances of the case will depend upon the facts as they are developed upon the trial (see *Volk* v. *City of New York*, 259 App. Div. 247, 253–254, revd. on other grounds 284 N. Y. 279).

The basic question of fact in the case, so far as can be determined from the present record, is whether the joint trip of Mrs. Pfeiffer and Mrs. McCall to the University of Buffalo was within the scope of their employment. Mrs. Pfeiffer asserted before the Workmen's Compensation Referee that it was not, and declined to make any claim for compensation. In the present action, Mrs. Pfeiffer apparently intends to assert that the joint trip was within the course of their employment, for the purpose of establishing that the county is vicariously liable for the negligence of her fellow employee, Mrs. McCall. Certainly, if the plaintiff shifts her position in this way, the county should not be estopped from setting up workmen's compensation as an exclusive remedy. It will be noted that the defense is pleaded in the answer hypothetically; only if the plaintiff's new version is accepted does the county assert that workmen's compensation is her exclusive remedy. In this situation, the affirmative defense ought not to be stricken as sham upon motion in advance of trial.

The plaintiff will not be barred from reopening the case before the Workmen's Compensation Board and obtaining an award

there, if it is held in this case that workmen's compensation is her exclusive remedy. The board has continuing jurisdiction and has the power to reopen a case and to make an award against the employer for a period of seven years from the date of the accident (Workmen's Compensation Law, § 123; *Matter of Kaplan* v. *Wirth & Birnbaum,* 301 N. Y. 121; *Matter of Ennis* v. *Kennedy Valve Mfg. Co.,* 282 App. Div. 971; Larson, Workmen's Compensation, § 81.52).

Finally, it should be noted that the answer of the McCalls pleads the defense that workmen's compensation is the plaintiff's exclusive remedy. It is apparently Mrs. McCall's contention that the joint trip with the plaintiff was within the course of their common employment. The majority decision allows this defense to stand, while striking out the parallel defense of the county. This may produce a most anomalous result. If the defense of the McCalls is sustained upon the trial, the complaint will have to be dismissed as against them. Thus the result may be that Mrs. McCall will be held not to be liable in an action at law for her negligence because workmen's compensation is Mrs. Pfeiffer's exclusive remedy but, under the majority view, the county will nevertheless be held subject to liability to Mrs. Pfeiffer for Mrs. McCall's negligence. Such a result would be directly contrary to the recent holding of the Court of Appeals that, in a case in which workmen's compensation is the exclusive remedy of an injured employee against a fellow employee, no one else can be held vicariously liable in an action at law for the fellow employee's negligence. (*Rauch* v. *Jones,* 4 N Y 2d 592; *Naso* v. *Lafata,* 4 N Y 2d 585.) Since the workmen's compensation defense is allowed to stand in the answer of the fellow employee, it must also be allowed to stand in the answer of the county, which is sought to be held liable for the fellow employee's negligence.

I would reverse the order appealed from and deny the motion to strike out the affirmative defense both as to the defendants McCall and as to the defendant county.

All concur, except HALPERN, J., who dissents in part in a separate opinion. Present — WILLIAMS, P. J., BASTOW, GOLDMAN, HALPERN and HENRY, JJ.

Order insofar as it strikes out the allegations contained in paragraphs III through VIII inclusive of the answer of the defendants Dawn McCall and Alan McCall reversed and motion to strike out said allegations denied, and otherwise order affirmed, without costs of this appeal to any party.