■ In the Matter of the Claim of DAME ALICIA MARKOVA, Respondent, v METROPOLITAN OPERA ASSOCIATION, INC., et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent. — Appeal by the employer and its insurance carrier from a decision of the Workers' Compensation Board, filed September 17, 1979, which held that claimant suffers from a marked permanent partial disability and, accordingly, is entitled to an award of compensation benefits for which the employer's insurance carrier is liable. Claimant was working for the employer herein as Director of the Metropolitan Opera Ballet with her duties including supervision of all ballet activities and auditions as well as choreography and demonstration of the ballet when, on July 29, 1966, she slipped and fell in the course of her employment and sustained compensable injuries to her left knee, both ankles,

right shoulder and the right side of her face. As a result, she was awarded compensation benefits for the period from July 29, 1966 to December 8, 1966 and the case was closed pending the outcome of a third-party action. Subsequently, on March 4, 1968, she was injured in a second fall at work, and the board held in its decision filed on September 17, 1979 that this second accident was consequential to the earlier accident on July 29, 1966. The board further ruled in this decision that claimant had a causally related marked permanent partial disability which prevented her from performing her regular work and, accordingly, affirmed a referee's award to her of $60 per week reduced earnings for the period from January 22, 1977 to November 1, 1977. The employer and its insurance carrier now appeal, and we hold that the board's decision should be affirmed. The central question presented for our determination is whether or not there is substantial evidence in the record to support the board's finding that claimant had a causally related marked permanent partial disability entitling her to a reduced earnings award, and an examination of the record reveals ample evidentiary support for the board's ruling. While appellants challenge certain of the medical reports and opinions contained in the record, there is plainly sufficient untainted medical evidence, particularly reports of Dr. John Ind and Dr. Michael Laurence, to justify the board's conclusion that claimant is permanently partially disabled because of her compensable accidents and, accordingly, is entitled to compensation benefits. In so ruling, we would lastly note that the board properly discharged the Special Fund from liability on this claim and held the employer's carrier responsible for the payment of claimant's award. Other than the closing of this case pending the outcome of the cited third-party action, which was plainly an insufficient basis upon which to later impose liability upon the Special Fund (cf. *Matter of Janikowski v Yardleys of London,* 11 AD2d 577), particularly since claimant moved to reopen her claim contemporaneously with the termination of the third-party action (cf. *Matter of Gantz v Wallace & Tiernan Lucidol Div.,* 41 AD2d 991; *Matter of Schreckinger v York Distrs.,* 9 AD2d 333), only the closing of this case by a referee on September 9, 1975 could possibly serve to impose liability on the Special Fund. As to this latter closing, it was properly disregarded by the board because it appears to have been directed by the referee for lack of evidence of further disability following a hearing for which neither claimant nor her attorneys received notice. Decision affirmed, with one bill of costs to respondents filing briefs. Mahoney, P. J., Greenblott, Main and Mikoll, JJ., concur; Staley, Jr., J., not taking part.