■ In the Matter of the Claim of WIDMER SWEET, Respondent, v SLATTERY ASSOCIATES, INC., et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent. — Appeal by the employer and its insurance carrier from a decision of the Workers' Compensation Board, filed October 24, 1980, which affirmed a decision of a Workers' Compensation Law Judge discharging the Special Fund for Reopened Cases from liability, rescinding a prior schedule award and finding claimant to have a permanent partial disability. The only issue presented on this appeal is whether the board properly discharged the Special Fund for Reopened Cases from liability for compensation benefits awarded claimant. Appellants argue that there was a final closing of claimant's case by notice of decision dated February 21, 1975, and that an application to reopen the case was made after the period set forth in section 25-a of the Workers' Compensation Law had run. We disagree. The decision of the board should be affirmed. Subdivision 1 of section 25-a of the Workers' Compensation Law provides, in pertinent part: "when an application for compensation is made * * * after a lapse of seven years from the date of the injury * * * and also a lapse of three years from the date of the last payment of compensation * * * if an award is made it shall be against the special fund provided by this section." The date of injury herein was May 1, 1967. It is conceded that the last date on which a compensation payment was made was February 2, 1973. Three years from that date extends the time limitation set forth in section 25-a to February 2, 1976. The instant case was closed on December 11, 1972 with an award for 70% loss of use of the left leg. On February 6, 1974, claimant's physician filed a medical report showing a change in claimant's condition and asking permission to perform a knee fusion. The board reopened the case by order filed April 2, 1974, for "consideration of further disability". However, the case was thereafter closed on February 21, 1975 for "[s]econd nonappearance of claimant". The case was then placed back on the board calendar administratively by an employee of the board under form C-25.9. The medical record demonstrates that claimant had a continuing disability and received continuous treatment for his injury from the date of injury until the date the order was made rescinding the scheduled loss and finding claimant had a permanent partial disability. It is apparent from the board's rulings in this case and its treatment of the matter that it considered either that the closing of the case for the nonappearance of claimant in 1975 was not a final closing or that when it restored the case administratively to the calendar, it did so upon a reconsideration of the former timely request to reopen. The board had the power to do so and, upon the entire record, we find it so acted (Matter of Stimburis v Leviton Mfg. Co., 5 NY2d 360; Matter of Markova v Metropolitan Opera Assn., 78 AD2d 919). It is significant that the carrier was given ample opportunity to develop a record before the board to show that this case came within the provisions of section 25-a, but failed to do so. There is nothing in the record to indicate that claimant had intended to abandon prosecution of his claim by his nonappearance. The medical reports and his physical condition indicate to the contrary and the board could well, in this situation, treat the closing of the file for his nonappearance as a nonfinal closing. The decision of the board is supported by substantial evidence. Decision affirmed, with costs to the Special Fund for Reopened Cases. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.