OPINION OF THE COURT
Gerard M. Weisberg, J.
The Court of Appeals recently held that the award and acceptance of workers’ compensation death benefits bars a claimant from maintaining a wrongful death action against the deceased’s former employer. (Werner v State of New York, 53 NY2d 346.) In the instant case, we are called upon to examine the reverse of that issue. Namely, whether a denial of such benefits bars the former employer from asserting the Workers’ Compensation Law as a defense.
On a prior motion this court examined the allegations of the claim and the answer, discussed the applicable law and deemed it appropriate that the Workers’ Compensation Board determine whether a remedy was available there. (Weber v State of New York, 104 Misc 2d 947.) The subsequent decision of the board states “Case was Closed. No accident under Workmen’s [sic] Compensation Law. Claim Disallowed.”
Now claimant once again moves to dismiss the affirmative defense which alleges that workers’ compensation is the exclusive remedy. The defendants counter with two arguments: first, that the board’s decision is ambiguous and second, that there are no controlling court decisions on the fact pattern underlying the claim.
*810 There is nothing ambiguous about the decision. The quoted language in the context of this case means that the accident did not arise out of or in the course of employment and the claimant is relegated to any common-law remedies which may exist. (See Milashouskas v Mercy Hosp., 64 AD2d 978.)
The defendants did not appeal from the prior order of this court and were therefore content to have the issue determined by the board. The rule of the “law of the case” is therefore applicable with respect to that prior order. (See Siegel, New York Practice, § 448.)
The substance of the claim alleges that the decedent, an employee of a State mental hospital, suffered a heart attack and died due to inadequate emergency facilities at the hospital. Although it is not the kind of case which commonly comes before the board (see Brush, Heart Injuries: When Are They Compensable, 53 NY St Bar J 23), and may in fact be novel, hearings were held and the defendants had their day in court. (Pfeiffer v McCall, 11 AD2d 95.)
Section 23 of the Workers’ Compensation Law provides that “[a]n award or decision of the board shall be final and conclusive upon all questions within its jurisdiction, as against the state fund or between the parties, unless reversed or modified on appeal therefrom as hereinafter provided.” The record before us does not indicate any appeal or modification.
The finding is also binding between the parties on settled principles of res judicata which apply to administrative hearings and determinations when the agency involved- is acting, as does the Compensation Board, in a quasi-judicial capacity. (Werner v State of New York, 53 NY2d 346, 353, supra.)
If the defendants believe that further clarification of the determination of the board is necessary or that it failed to pass on some question of law, relief should be sought there or by direct appeal from the decision. Defendants’ request that this matter be remanded to the board is denied. There has been no showing that they have exhausted their own remedies and we see no reason for this court to circumvent the provisions of the Workers’ Compensation Law. (Work *811 ers’ Compensation Law, §23; Matter of Lubrano v New York State Workers’ Compensation Bd., 83 AD2d 841; cf. Court of Claims Act, § 8.)
Accordingly, the affirmative defense is stricken at this time, subject to the terms of the order entered hereon, and the matter is restored to the Trial Calendar of this court.